**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**RAYMOND GILL,**

        **Petitioner,**

**v.**                                  **Civil Action No. 3:20-CV-32
(GROH)**

**COAKLEY,**

        **Respondent.**

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

On February 18, 2020, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner is currently a federal inmate housed at Coleman FCI in Coleman, Florida, but at the time he filed his petition he was housed Hazelton FCI in the Northern District of West Virginia. He is challenging the validity of his conviction and sentence imposed in the United States District Court for the District of Maryland, and challenging his parole[1] proceedings. Id.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed without prejudice.

---

[1] The Court notes that Congress abolished parole for federal offenders in 1984. See Sentencing Reform Act of 1984; Graham v. Fla., 560 U.S. 48, 109, 130 S. Ct. 2011, 2050 (2010), as modified (July 6, 2010).

## II.   FACTUAL AND PROCEDURAL HISTORY[2]

### A.   Conviction and Sentence

On October 23, 2013, a grand jury indicted Petitioner and charged him in the District of Maryland, case number 1:13-CR-577, with bank robbery and brandishing a weapon during that offense.  ECF No. 1.  On December 11, 2014, Petitioner was convicted by a jury of both counts of the indictment.  ECF No. 56.  Petitioner was sentenced as a career offender on March 13, 2015, to 300 months of imprisonment on Count 1 and 180 months on Count 2, with those sentences to be served consecutively to one another for an aggregate sentence of 480 months[3].  ECF No. 70.

### B.   Direct Appeal

Petitioner filed a notice of appeal with the Fourth Circuit Court of Appeals on March 23, 2015, in a case later assigned docket number 15-4178.  ECF No. 76.  The Fourth Circuit affirmed Petitioner's conviction and sentence by opinion issued on August 2, 2016.  ECF No. 121.  In its opinion denying him relief, the Fourth Circuit noted that the two issues Petitioner raised on appeal were reviewed for plain error because both issues, a challenge to his conviction and sentence post-Johnson, were raised for the first time on appeal.  The Supreme Court denied Gill's petition for *certiorari* on December 12, 2016. Gill v. United States, 137 S. Ct. 599 (2016).

### C. Post-Conviction Relief: Motions to Vacate Under 28 U.S.C. § 2255

Petitioner filed his first § 2255 motion on December 8, 2015.  ECF No. 108.  The

---

[2]  All CM/ECF references in facts sections II.A, II.B. and II.C., refer to entries in the docket of Criminal Action No. 1:13-CR-577, in the District of Maryland.

[3]  In a later order, the trial court found that the 480-month "sentence was in accordance with the sentencing guidelines range of 36 months to life, based on an adjusted offense level of 34 and a criminal history category of VI."  ECF No. 227 at 7 - 8, citing to the sentencing transcript, ECF No. 89 at 61:13-19.

district court entered a memorandum opinion and order dismissing the motion to vacate on December 10, 2015[4], finding that Petitioner's direct appeal was pending and thus the motion to vacate was premature.  ECF Nos. 109, 110.

Petitioner filed a second motion to vacate on June 12, 2016, before the Fourth Circuit ruled on his direct appeal.  ECF No. 119.  The motion argues the prior offenses used to qualify him as a career offender were no longer considered as crimes of violence, following the holding in Johnson v. United States, 135 S.Ct. 2551 (2015).  Id.

Petitioner filed a total of fourteen motions to amend or supplement his motion[5] to vacate on: (1) December 1, 2016 [ECF No. 129]; (2) December 27, 2016 [ECF No. 131]; (3) March 16, 2017 [ECF No. 137]; (4) March 22, 2017 [ECF No. 138]; (5) August 17, 2017 [ECF No. 143]; (6) August 23, 2017 [ECF No. 145]; (7) September 26, 2017 [148]; (8) October 16, 2017 [ECF No. 151]; (9) October 25, 2017 [ECF No. 153]; (10) October 30, 2017 [ECF No 154]; (11) December 13, 2017 [ECF No. 157]; (12) April 23, 2018 [ECF No. 165]; (13) April 23, 2018 [ECF No. 166]; and (14) April 26, 2018 [ECF No. 170]. Following a response by the Government, and reply by Petitioner, the district court denied Petitioner's motion to vacate and motions to amend by memorandum opinion and order issued June 12, 2020.  ECF Nos. 227, 228.

**D.     Prior § 2241 Petitions filed in this District**

---

[4]  The orders were signed on December 10, 2015, but not filed with the clerk until December 11, 2015.

[5]  Petitioner filed another motion to vacate on July 3, 2019, and a motion to supplement that motion on July 3, 2019, which motion and supplement were denied by order entered on August 1, 2019.  ECF Nos. 200, 201, 202.  Petitioner filed yet another motion to vacate on October 9, 2019, which was denied by order entered October 17, 2019.  ECF Nos. 205, 206.

On March 22, 2017, Petitioner filed a petition for habeas corpus pursuant to § 2241 in case number 5:17-CV-33.  That case was dismissed without prejudice by order entered on April 5, 2017.  5:17-CV-33, ECF No. 5.  On March 27, 2017, Petitioner filed another § 2241 petition for habeas corpus in case number 5:17-CV-36.  Therein, Petitioner argued that "the United States Parole Commissioner illegally resurrected a 198[1], 15 year and 20 year concurrent sentence…," by placing a detainer on him on July 9, 2015.  5:17-CV-36, ECF No. 1.  The undersigned issued a Report and Recommendation on February 27, 2018, which recommended the petition be dismissed because on October 23, 2017, the Parole Commission "ordered the warrant and detainer withdrawn and closed the case. Because the action by the Commission provided Petitioner with the exact relief he requested in his petition, there is no further relief which this Court can grant, and the case should be dismissed as moot."  5:17-CV-36, ECF No. 26 at 7 – 8.  By memorandum opinion and order entered on June 25, 2018, the District Court adopted the Report and Recommendation and dismissed the petition.  5:17-CV-36, ECF No. 30.

### E.    Claims in Instant § 2241 Petition

In the Court-approved form, Petitioner wrote "See attached [ ] brief" in the space provided for two grounds for relief.  ECF No. 1 at 5 – 6.  Although not a model of clarity, in the six attached pages Petitioner appears to argue that: (1) his Due Process rights were violated when the "United States Parole Commissioner illegally resurre[c]ted a 1980, 15 year and a 20 year concurrent sentence . . . [b]y placing a detainer [on] 07-09-2015," then was not given a timely revocation hearing by the Parole Board when he was taken into custody on September 26, 2013; and (2) that he was improperly sentenced as a career offender following Johnson v. United States, 135 S.Ct. 2551 (2015), and two

4

Seventh Circuit Court of Appeals decisions which held that his underlying offenses no longer qualify as crimes of violence for purposes of career offender sentence enhancement. ECF No. 1-1. For relief, Petitioner requests his sentence be vacated and that he be resentenced under the "original guidelines" to a term of 51 to 60 months. ECF Nos. 1 at 8, 1-1 at 4.

### III.   LEGAL STANDARDS

#### A.   Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B.   Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable

merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded

by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[6] is designed largely to discourage the filing
> of, and waste of judicial and private resources upon, baseless
> lawsuits that paying litigants generally do not initiate because
> of the costs of bringing suit and because of the threat of
> sanctions for bringing vexatious suits under Federal Rule of
> Civil Procedure 11. To this end, the statute accords judges
> not only the authority to dismiss a claim based on an
> indisputably meritless legal theory, but also the unusual
> power to pierce the veil of the complaint's factual allegations
> and dismiss those claims whose factual contentions are
> clearly baseless.

Id. at 327.

## IV.    ANALYSIS

Petitioner's two grounds for relief are essentially that: (1) that his pre-trial Due

Process rights were violated by the placement of a detainer by the Parole Commission;

and (2) that his  sentence was improperly enhanced under the Career Offender provision

of the United States Sentencing Guidelines.

Prisoners seeking to challenge the validity of their convictions or their sentences

are required to proceed under § 2255 in the district court of conviction.  By contrast, a

petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address

the execution of a sentence, rather than its validity, and is to be filed in the district where

the prisoner is incarcerated.  Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).  In a §

2241 petition, a prisoner may seek relief from such things as the administration of his

---

[6]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[7] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[8] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e)

---

[7] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

a.      The date on which the judgment of conviction becomes final;
b.      The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c.      The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d.      The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[8] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>.  <u>See</u> <u>United States v. Wheeler</u>, 886 F.3d 415, 428 (4th Cir. 2018); <u>In re Jones</u>, 226 F.3d 328, 333–34 (4th Cir. 2000).   When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.  Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

Petitioner indicated on the Court-approved form that he is challenging his conviction, and to the extent that his challenge to his pre-trial detention can be considered a challenge to his conviction, the Court will perform the Jones analysis.  Because Petitioner is challenging his conviction in a § 2241, he must meet all three prongs of the Jones test to challenge his conviction for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first and third prongs of the Jones test, he cannot meet the second prong.  Subsequent to Petitioner's direct appeal and first section 2255 motion, the substantive law related to the conduct of which Petitioner was convicted has not changed so that that conduct is no longer deemed to be criminal.  The crimes Petitioner was convicted of committing—armed bank robbery, in violation of 18 U.S.C. 2113, and using, possessing or carrying a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c)[9]—are still violations of law.  Therefore, Petitioner cannot satisfy

---

[9] The residual clause of 18 U.S.C. § 924(c)(3)(B) was abrogated and held unconstitutional by the holding of United States v. Davis, 139 S.Ct. 2319 (2019).  The remaining provisions of the statute remain in full force and effect, specifically, that a crime of violence means an offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of

the second prong of <u>Jones</u>.  Because Petitioner in attacking the validity of his conviction fails to establish that he meets the <u>Jones</u> requirements, he has not demonstrated that a section 2255 petition is an inadequate or ineffective remedy, and he cannot meet the savings clause.  Accordingly, Petitioner cannot satisfy the savings clause of § 2255(e) under <u>Jones</u>, his challenge to his conviction may not be considered under § 2241, and this Court is without jurisdiction to consider his petition on that ground.

Petitioner's request for relief as to his sentence under § 2241 is also unavailable. Petitioner claims that his sentence is invalid because his prior convictions were improperly used to designate him as a Career Offender under the United States Sentencing Guidelines, and thus his sentence was improperly enhanced.   However, Petitioner has already raised and been denied relief on this ground in his § 2255 motion to vacate in the court of conviction.  Further, he has also unsuccessfully raised this issue with the Fourth Circuit Court of Appeals.  He now raises the issues again in this § 2241 claim.

Because Petitioner's direct appeal rights have expired and Petitioner has already filed more than one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause. Because Petitioner's argument does not rely on newly discovered evidence or a new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate.  Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.

---

another." 18 U.S.C. § 924(c)(3)(A).  Petitioner was charged with and convicted of bank robbery in violation of 18 U.S.C. § 2113(a), and (d), which offense is committed "by force and violence, or by intimidation", pursuant to subparagraph (a), and "by use of a dangerous weapon or device", and pursuant to subparagraph (d).

Because Petitioner is challenging his sentence in a § 2241, he must meet all four prongs of the Wheeler test for this Court to have jurisdiction to hear his challenge on the merits.

In this case, as to his first and second grounds for relief related to his enhanced sentence, even if Petitioner meets the first, second, and third prongs of Wheeler, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect.[10]   See Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018).  In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker when the sentencing Guidelines were mandatory.  Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong.  Id. at 715 ("Foote[11] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.").  This is because post-Booker, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or

---

[10]   In this case there has been no substantive change in the law which would allow Petitioner to meet the second or fourth prong of Wheeler.

[11]   In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255.  The Foote Court concluded that such a claim was not cognizable under § 2255.  Foote, 784 F.3d at 932.  In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of every alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless is amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).  The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice.  Id. at 940, 944.

11

constitutional provision." Id. When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." Id. In conclusion, the Lester Court observed that "the savings clause should provide only the tightest alleyway to relief. Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision." Id. at 716.

Because Petitioner in this case was sentenced as a career offender under the post-Booker, advisory Guidelines, regardless of whether this was a misapplication of the career offender enhancement, the law in this Circuit makes clear that he cannot satisfy the fourth Wheeler prong, and, therefore, fails to satisfy the § 2255(e) savings clause.

Because Petitioner cannot satisfy the savings clause of § 2255(e) under Wheeler, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which**

**objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:      January 28, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE