**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**RAYMOND GILL,**

      Petitioner,

**v.**                             **CIVIL ACTION NO.: 3:20-CV-32
(GROH)**

**COAKLEY, Warden**

      Respondent.

## ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 16. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court deny and dismiss without prejudice the Petitioner's habeas petition. The Petitioner timely filed his objections to the R&R [ECF No. 19]; accordingly, this matter is now ripe for adjudication.

## I.      Background

On February 18, 2020, the Petitioner filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. At the time he filed his petition, the Petitioner was incarcerated at the Hazelton Federal Correctional Institution, located within the Northern

District of West Virginia.[1] In the criminal case that underlies the Petitioner's present civil action, a jury found the Petitioner guilty of one count of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d), and (f) and one count of brandishing a weapon during the robbery in violation of 18 U.S.C. § 924(c). 1:13-cr-00577-RDB in the District of Maryland. On March 13, 2015, the Petitioner was sentenced as a career offender to 300 months of imprisonment for his armed bank robbery conviction and 180 months for brandishing a weapon during the robbery. The sentencing court ordered that the Petitioner serve those sentences consecutively, resulting in an aggregate sentence of 480 months.

In his habeas petition, the Petitioner presents two arguments in support of his request to be resentenced and his request for his previous convictions to be "closed." First, the Petitioner argues that his due process rights were violated when the United States Parole Commission placed a detainer on him. Second, the Petitioner argues that the sentencing court improperly enhanced his sentence under the career offender provision of the United States Sentencing Guidelines.

As to the Petitioner's first argument, Magistrate Judge Trumble found that the Petitioner cannot satisfy the threshold jurisdictional test required for this Court to consider challenges to a conviction through a habeas corpus petition under § 2241. More specifically, because the substantive law related to the conduct of which the Petitioner was convicted has not changed so that that conduct is no longer criminal, this Court is without subject matter jurisdiction to consider the Petitioner's challenge to his conviction. In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In 2015, the Petitioner was convicted of committing an armed bank robbery, in violation of 18 U.S.C. 2113 and using,

---

[1] The Petitioner filed a change of address notice with the Court [ECF No. 15]; he is now incarcerated in the Coleman Federal Correctional Institution in the Middle District of Florida.

possessing or carrying a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c), both of which remain violations of law. Ultimately, Magistrate Judge Trumble found that this Court is without subject matter jurisdiction to adjudicate the Petitioner's petition on this ground.

Next, as to the Petitioner's argument that his sentence was improperly enhanced, Magistrate Judge Trumble noted that the Petitioner has twice been denied relief based on this argument: first by the sentencing court and then by the United States Court of Appeals for the Fourth Circuit. The Petitioner was sentenced as a career offender in 2015, ten years after the Supreme Court held that the United States Sentencing Guidelines were no longer mandatory but purely advisory. United States v. Booker, 543 U.S. 220, 259-67 (2005). Because the Petitioner was sentenced as a career offender under the post-Booker advisory Guidelines, regardless of whether the sentencing court misapplied the career offender enhancement, Magistrate Judge Trumble found that the Petitioner cannot satisfy the threshold jurisdictional test set forth in Wheeler, which is required for this court to consider a challenge to a sentence of incarceration raised in a § 2241 petition. United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018). Similar to his finding on the Petitioner's challenge to his conviction, Magistrate Judge Trumble found that this Court is without subject matter jurisdiction to adjudicate the Petitioner's petition as to the challenge to his sentence.

Magistrate Judge Trumble recommended that this Court dismiss without prejudice the Petitioner's habeas petition because this Court does not have subject matter jurisdiction to adjudicate either of the Petitioner's claims. After the submission of the R&R,

the Petitioner timely filed his objections to R&R. The Petitioner's habeas petition and objections are now before this Court to consider.

## II. Legal Standards

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Pursuant to this Court's Local Rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The Local Rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W.Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a

4

clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Id. at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III.    Analysis

Upon review of the filings in this matter, the Court finds that the Petitioner raises one new argument in his objections. The majority of the Petitioner's objections reiterates the same arguments made in his original petition. The Petitioner mainly rehashes his due

process claim against the United States Parole Board Commission, which was already presented to the magistrate judge.

However, the Petitioner raises, for the first time, an argument related to <u>Booker</u> and the sentencing guidelines. Unfortunately, it appears to the Court that the Petitioner misunderstands the effect of <u>Booker</u>'s holding because he attempts to obtain relief from the consideration of his 1980 and 1985 convictions in his sentence under <u>Booker</u>, as well as repeating his argument that these two convictions are "outdated." The Petitioner also appears to attack his 1980 and 1985 convictions with <u>Booker</u>.

The criminal case that underlies the Petitioner's pending petition was indicted in 2013. In 2015, after a jury found the Petitioner guilty of committing an armed bank robbery and brandishing a weapon during that robbery, the Petitioner was then sentenced to 480 months of incarceration, ten years after the decision in <u>Booker</u> made the United States Sentencing Guidelines advisory. After <u>Booker</u>, the Guidelines plainly lack legal force.

Further, when a person is sentenced under the advisory, post-<u>Booker</u> Guidelines, the sentencing court "not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." <u>Lester v. Flournoy</u>, 909 F.3d 708, 715 (4th Cir. 2018) (noting that sentencing judges must engage in an individualized analysis of sentencing factors). Even if the sentencing court misapplied the career offender enhancement under the advisory Guidelines, this Court is without authority to review the alleged error. <u>United States v. Foote</u>, 784 F.3d 931, 940-44 (4th Cir. 2015). Therefore, to the degree that the Petitioner argues that the career offender enhancement was improperly applied to his sentence under the post-<u>Booker</u> advisory Guidelines, his objection is **OVERRULED**.

6

Lastly, to the degree the Petitioner attacks his 1980 and 1985 convictions under Booker, his objection is **OVERRULED**. In his filing, the Petitioner notes that his 1980 and 1985 convictions occurred before Booker, when the Guidelines were mandatory. However, the Petitioner is not currently serving a sentence for his 1980 or 1985 conviction; the Petitioner is serving a sentence as a result of his 2015 conviction. Additionally, it is unclear to the Court how the United States Sentencing Guidelines, which took effect in 1987, affected the Petitioner's convictions in 1980 and 1985.

### IV.      Conclusion

After a review of the remainder of the R&R for clear error, and finding none, this Court finds that Magistrate Judge Trumble's R&R carefully considered the record and applied the appropriate legal analysis. Therefore, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 16] should be, and is, hereby **ORDERED ADOPTED**. For the reasons more fully stated in the R&R, the Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

This matter is **ORDERED STRICKEN** from the Court's active docket.  The Clerk of Court is **DIRECTED** to mail a copy of this Order to the pro se Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: February 13, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE